UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBBINS MOTOR TRANSPORTATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TRANSLINK, INC., et al.,<br><br>Defendants. | CIVIL ACTION<br><br>No. 07-150 |

## MEMORANDUM

This dispute arises from an alleged underestimate of the weight of two convection modules that plaintiff Robbins Motor Transportation, Inc. ("Robbins") hauled pursuant to a contract with defendant Translink, Inc. ("Translink"). In an opinion dated March 26, 2009, this court granted summary judgment to all defendants except Translink and granted summary judgment to Translink on all claims except Robbins's breach of contract claim. The case is now before the court on Translink's motion to dismiss the remaining claim for lack of personal jurisdiction (docket no. 94), Translink's motion for an extension of time to file that motion to dismiss (docket no. 93),[1] and plaintiff's request for sanctions (docket no. 95).

The court will deny defendant's motion to dismiss on the ground that any objection to

---

[1] The court will grant this motion for a one-day extension of time, which plaintiff has not opposed.

personal jurisdiction has been waived. As the Third Circuit has noted,

> [b]ecause the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived. Moreover, the actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not. In particular, where a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter.

*Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (internal citations and quotation marks omitted). "This is true even where the defendant raises his personal jurisdiction defense at the earliest point required by the Federal Rules." *Id.*

In applying these principles, the *Bel-Ray* court held that a party waives challenges to personal jurisdiction when it "file[s]" and "proceed[s] to litigate" a motion for summary judgment "before securing a personal jurisdiction determination," even if the personal jurisdiction defense is properly asserted in the party's answer. *Bel-Ray*, 181 F.3d at 443-44. *Bel-Ray* compels denial of Translink's motion. Like the *Bel-Ray* defendants, Translink included the defense of personal jurisdiction in its answer, but like those defendants, it subsequently filed a motion for summary judgment and thereby asked this court to "'consider[] the merits . . . of [the] controversy.'" *Bel-Ray*, 181 F.3d at 443 (quoting *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967)). Finally, again like the defendants in *Bel-Ray*, Translink only announced its intention to challenge personal jurisdiction after this court denied, in part, its motion for summary judgment. The posture of this case is therefore materially identical to *Bel-Ray*, and Translink has waived its challenge to this court's personal jurisdiction.[2]

---

[2] Translink's decision to challenge personal jurisdiction coincided with its retention of new counsel in this case. The court will not, however, distinguish *Bel-Ray* on that basis. To do so would invite parties in future cases to secure new representation for the express purpose of reviving previously waived issues.

2

The court will also deny plaintiff's request for sanctions. That request is based on plaintiff's belief that this court's opinion addressing Translink's summary judgment motion previously determined both that (1) a document including a choice-of-law clause was part of the parties' contract and (2) personal jurisdiction was thereby established. *See* Pl.'s Br. in Opp'n at 3. Plaintiff, however, mischaracterizes this court's earlier opinion, which simply "assumed, *arguendo*, solely for the purposes of the motion to dismiss [brought by a different defendant], that the terms and conditions are part of the contract between Translink and Robbins." *Robbins Motor Transp., Inc. v. Translink, Inc.*, No. 07-150, 2009 WL 803711, at *6 n.7 (E.D. Pa. Mar. 26, 2009). The opinion also expressly noted that a choice-of-law provision "'standing alone . . . [is] insufficient to confer jurisdiction.'" *Id.* at *6 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985)). Plaintiff's request for sanctions will accordingly be denied.

An appropriate order follows.