# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBBINS MOTOR TRANSPORTATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSLINK, INC., et al., <br><br> Defendants. | CIVIL ACTION <br><br> No. 07-150 |

## MEMORANDUM

This case, which is set for trial beginning on November 9, 2009, arises from an alleged underestimate of the weight of two convection modules that plaintiff Robbins Motor Transportation, Inc. ("Robbins") hauled pursuant to a contract with defendant Translink, Inc. ("Translink"). Currently before the court are (1) Translink's motion in limine (docket no. 100) to exclude the testimony of certain witnesses and the use of certain exhibits at trial and (2) Robbins's motion (docket no. 102) to exclude the deposition testimony of Robert Evans and a portion of the deposition testimony of Danny Tomblin. No response has yet been filed to either motion.

### I.

Translink brings its motion pursuant to Federal Rule of Civil Procedure 37, which

1

mandates in pertinent part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[1]  Rule 26(a)(3)(A), meanwhile, requires the parties to (1) exchange information about witnesses and (2) "identif[y] each document or other exhibit" to be used at trial.  These disclosures must be complete "at least 30 days before trial" "[u]nless the court orders otherwise." Fed. R. Civ. P. 26(a)(3)(B).

Translink asserts that exclusion is proper because Robbins has failed to disclose witnesses and exhibits pursuant to Rule 26(a)(3).  In addition, Translink argues for the exclusion of certain exhibits because (1) Robbins's exhibit list is insufficiently specific, and (2) the Trial Procedures governing cases on my docket state that the parties are to "pre-mark[] and pre-exchange[]" exhibits.  Translink states that exclusion is the proper remedy "to prevent [it] from being prejudiced by any surprises at trial."  Mot. in Limine, at 2.  The motion does not, however, state which witnesses or which exhibits Translink seeks to exclude.

Rule 37 "is designed to provide a strong inducement for disclosure of Rule 26(a) material," and if Translink would be incurably prejudiced by any failures to disclose, this court has the discretion to order exclusion of the undisclosed evidence. *Newman v. GHS*

---

[1] The rule also gives courts discretion to impose alternative sanctions "on motion and after giving an opportunity to be heard." Fed. R. Civ. P. 37(c)(1).

*Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995). Nevertheless, "[t]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994). Further, pursuant to the language of Rule 37, "sanctions should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless." *Newman*, 60 F.3d at 156. In ruling on a motion to exclude evidence for non-disclosure, this court considers (1) prejudice to the moving party, (2) "the ability of that party to cure the prejudice," (3) the potential for "disrupt[ion of] the orderly and efficient trial of the case," and (4) "bad faith or willfulness" on the part of the non-moving party. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985).

Translink's motion will be denied insofar as it seeks exclusion of Robbins's witnesses. Although Translink argues that "witnesses . . . in the Pretrial Memorandum . . . were never properly disclosed to" Translink more than 30 days before trial, *id.* at 1, almost all of the witnesses Robbins intends to call were expressly identified to Translink long ago. The witness list submitted by Robbins on November 2, which amends the witness list included in the parties' pre-trial memorandum, states that Robbins will call eight live witnesses at trial: Joseph Robbins, Larry DiAngelus, Robert Kauffman, Joseph

3

Crothers, Rick Soltner, Georganne Grear, Ken Cox, and Martin Provost. With one exception, all of these witnesses are specifically named in Robbins's response to an interrogatory from Translink. The document containing this response is dated August 1, 2007 and was filed as Exhibit 1 to Robbins's summary judgment papers on April 23, 2008. *See* Docket No. 49.[2] Even assuming that the disclosure of these witnesses was technically not in compliance with Rule 26(a)(3), Translink will not suffer prejudicial surprise if these witnesses testify at trial – and the bare assertion of prejudice in Translink's motion does not demonstrate otherwise. Moreover, Translink does not allege either that the trial would be disrupted or that Robbins acted in bad faith. Any Rule 26 violation as to these witnesses, in other words, is harmless, and exclusion is accordingly not warranted.

Robbins's August 1, 2007 interrogatory responses do not specifically mention Martin Provost, the witness plaintiff intends to call from a company known as Schell Equipment. The responses do, however, list unnamed "Schell Equipment employees" as witnesses to testify "about Schell's role in transferring modules [at the border] due to

---

[2] The interrogatory response in question also lists (1) the four witnesses whose deposition testimony Translink wishes to introduce and (2) a number of potential witnesses who will not be called at trial. The latter group, however, is chiefly composed of one Translink employee who is unavailable to testify, one other Translink employee, and witnesses whose testimony would have been most relevant to Robbins's claims against other defendants. Translink therefore would not be required to expend significant effort combing through unknown witnesses in order to determine the individuals who are most important to its dispute with Robbins.

4

weight issues, including costs and charges." Docket No. 49, Ex. 1, at 2. Translink has not indicated that it would suffer any prejudice by the specification of Provost as the Schell employee testifying to such matters. Any failure by Robbins to disclose Provost's identity thus also appears to be harmless, especially given the seeming absence of either the potential for disruption of the trial or any bad faith by the plaintiff. Provost's testimony will thus not be excluded.

Translink's motion will also be denied as to a number of Robbins's exhibits. Robbins moved for summary judgment on its breach of contract claim and attached a number of exhibits in support of that motion. Translink has therefore been aware of the potential importance of these documents to the merits of Robbins's case since at least April 2008 and will not suffer prejudicial surprise from their use at trial. Nor can Translink claim prejudice if Robbins seeks to rely on the specific exhibits (D1 through D19, inclusive) enumerated by Translink in its exhibit list in the parties' Joint Final Pretrial Memorandum. Any exhibit falling into either or both of these categories will therefore not be excluded. As discussed below, however, the parties will be directed to mark and exchange exhibits as soon as possible and in advance of trial.

As to any and all exhibits that (1) were not attached to Robbins's summary judgment papers and (2) will not be used at trial by Translink, Translink's motion will be denied without prejudice to moving for the exclusion of specific exhibits at trial. Determination of Translink's motion at this time would be premature, because the motion

does not specify which exhibits Translink seeks to exclude, the centrality of those exhibits to the parties' dispute, or the rationale for any failure by Robbins to make the appropriate disclosures. I recognize, however, that the vagueness of Translink's motion may well be due to the very failures of disclosure of which Translink complains, and I note that, as Translink alleges, Robbins's exhibit list is not a model of precision. Accordingly, this court will order the parties to mark and exchange exhibits as soon as possible. Further, in conformity with this court's prior reminder to the parties that "it is their obligation to confer about proposed exhibits, and to the extent feasible, and bearing in mind that this is a bench trial, not a jury trial, to reach agreement on exhibits in advance of trial," Docket No. 99, the parties will be ordered to attempt to resolve Translink's objection without this court's intervention. Both of these steps must be completed before trial, and this court will entertain motions by Translink to exclude specific exhibits on the basis of non-disclosure only after these steps are complete.

## II.

Robbins's motion will also be denied without prejudice to moving for the exclusion of the specified testimony at trial. Once again, however, the parties will be directed to attempt to resolve this dispute amicably before trial.

An appropriate order follows.